IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10926
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BOBBY LYN JOHNSON, JR.,
a/k/a Bob, Jr.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:95-CR-098-G)
_____
September 3, 1996
Before KING, GARWOOD, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Bobby Lyn Johnson, Jr., appeals his guilty-plea conviction
to conspiracy to possess with intent to distribute cocaine.  He
contends that his guilty plea was rendered unknowing and
involuntary by the district court's failure to adequately explain
the nature of the conspiracy charge against him.

Johnson argues that the district court failed to comply with

_____

[*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

the requirements of Fed. R. Crim. P. 11 in accepting his guilty plea by: (1) failing to explain the elements of the offense of conspiracy; (2) failing to ascertain whether Johnson understood the legal elements of the offense of conspiracy; and (3) failing to explain how his conduct fell within the definition of conspiracy.

The elements of a conspiracy to possess with intent to distribute cocaine are: (1) the existence of an agreement to possess cocaine with the intent to distribute, (2) knowledge of the agreement, and (3) voluntary participation in the agreement. United States v. Fierro, 38 F.3d 761, 768 (5th Cir. 1994), cert. denied, 115 S. Ct. 1388 and 1431 (1995). The district court's explanation of the nature of the charge to Johnson at the plea colloquy hearing included only the first element, the existence of an agreement to violate the law. Thus, it is possible that this explanation did not adequately explain to Johnson the nature of the offense to which he was pleading guilty.

However, assuming the district court's explanation of conspiracy was inadequate, Johnson has not demonstrated that his substantial rights were affected requiring reversal. See United States v. Johnson, 1 F.3d 296, 302 (5th Cir. 1993) (en banc) (holding that, in reviewing a district court's mistake in the Rule 11 colloquy for harmless error, we must determine if the district court's mistake could "reasonably be viewed as having been a material factor affecting [defendant]'s decision to plead

2

guilty"). If the record shows that defense counsel explained the nature of the offense to the defendant or that the defendant otherwise understood the charge, the failure of the district court to explain those elements does not render the plea involuntary. Davis v. Butler, 825 F.2d 892, 893-94 (5th Cir. 1987). Moreover, "[f]or simple charges . . . a reading of the indictment, followed by an opportunity given the defendant to ask questions about it will usually suffice." United States v. Green, 882 F.2d 999, 1006 (5th Cir. 1989)(internal quotations and citations omitted).

At the plea colloquy hearing, Johnson verified that his defense counsel had fully discussed with him the conspiracy charge against him. The district court also read the indictment and gave Johnson the opportunity to state whether he understood the charge. Johnson replied that he did. Johnson also affirmed that his signed plea agreement and factual resume indicated his understanding of the underlying factual basis for the conspiracy charge. These factors indicate that Johnson sufficiently understood the nature of the charges against him such that any deficiency in the district court's explanation did not render his guilty plea involuntary. See United States v. Jack, 686 F.2d 226, 230 (5th Cir. 1982) (holding that the court's reading of indictment charging conspiracy at the plea colloquy hearing and affirmation that the defendant had discussed the charge with his attorney were sufficient to demonstrate that the defendant

3

understood the nature of the charge).

Because Johnson does not demonstrate that any variance by the district court from the proceedings required by Fed. R. Crim. P. 11 affected his substantial rights, requiring reversal, we AFFIRM the judgment of the district court.